NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-04

ORLANDO A. MENDOZA

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS, OFFICE OF MOTOR VEHICLES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-1876
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

REVERSED AND REMANDED.

**Peter C. Piccione, Jr.**
**Attorney at Law**
**Post Office Box 5150**
**Lafayette, Louisiana 70502-5150**
**(337) 234-1132**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Orlando A. Mendoza**

**Jennifer Del Murray**
**Department of Public Safety & Corrections:**
**Office of Motor Vehicles**
**Post Office Box 66614**
**Baton Rouge, Louisiana 70896**
**(225) 922-2311**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Department of Public Safety and Corrections:**
    **Office of Motor Vehicles**

**CONERY, Judge.**

The State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles ("OMV"), appeals the August 26, 2013 judgment ordering the OMV to grant Mr. Orlando Mendoza ("Mr. Mendoza") a restricted Louisiana Driver's license No. 003056052, without the necessity of having an interlock device on his vehicle. The trial court found that Mr. Mendoza had met the required twelve-month restriction requiring the interlock device, having determined that the interlock device had been installed in excess of the twelve months post Mr. Mendoza's November 15, 2011 first-offense DWI conviction.

The OMV contends it did not receive proper notice of the hearing as required by La.Code Civ.P. art. 1313[1] or proper notice of the judgment issued as required by La.Code Civ.P. art. 1913(A). Mr. Mendoza's hearing on his "PETITION FOR HARDSHIP DRIVER'S LICENSE" was originally fixed for July 17, 2013. The record reflects that counsel for Mr. Mendoza requested a continuance and that counsel for the OMV agreed to continue the hearing until August 26, 2013, the trial court's next available hearing date.

On July 16, 2013, counsel for Mr. Mendoza sent a facsimile requesting that the Clerk of Court for the Fifteenth Judicial District reset the hearing for August 26, 2013. The facsimile also stated, "I will inform that [sic] State's attorney of the new date which they have agreed to." The "NOTICE OF HEARING DATE OF SUIT" ("Notice") issued by the clerk of court on July 18, 2013, confirming the

---

[1] Louisiana Code of Civil Procedure Article 1313(A) is permissive: "[E]very pleading subsequent to the original petition . . . may be served either by the sheriff or by: (1) Mailing a copy thereof to the counsel of record." However, Section (C) is mandatory: "Notwithstanding Paragraph A of this Article, if a pleading or order sets a court date, then service shall be made either by registered or certified mail or as provided in Article 1314, or by actual delivery by a commercial courier." Louisiana Code of Civil Procedure Article 1314 provides for service by the sheriff.

fixing of the hearing date to August 26, 2013, is only addressed to counsel for Mr. Mendoza. The notation at the bottom of the Notice reads as follows, "cc: PER COVER LETTER, MR. PICCIONE WILL INFORM STATE'S ATTORNEY."

There is no documentation in the record that the Notice issued by the clerk's office on July 17, 2013, was sent to counsel for the OMV. Counsel for Mr. Mendoza contends that he did forward the Notice to counsel for the OMV via regular mail at the same address as the original petition, "7979 Independence Blvd. Baton Rouge, LA." However, pursuant to the requirements of La.Code Civ.P. art. 1313(C), service of an order setting a court date must be transmitted by registered or certified mail, by the sheriff as provided in La.Code Civ.P. art. 1314, or by "actual delivery by a commercial courier." There is no documentation in the record that demonstrates service was perfected by any of the methods required by La.Code Civ.P. art. 1313 or 1314.

However, this court need not proceed any further in its analysis of this case, as counsel for Mr. Mendoza has agreed to a "remand of this case to the Trial Court for further proceedings and hearing." This court agrees that the only issue before this court is whether the Notice issued by the clerk or counsel for Mr. Mendoza was ever issued to the OMV, and thus, a reversal and remand to the district court is required for proper consideration of Mr. Mendoza's petition at a hearing before the trial court with proper notice to all parties.

Having determined that a reversal and remand is necessary, we will pretermit any discussion of the failure to notify OMV of the August 26, 2013 judgment pursuant to La.Code Civ.P. art 1913(A).[2] *See Louisiana State Bd. of*

---

[2] Louisiana Code of Civil Procedure Article 1913 (A) provides, "Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment

*Nursing v. Gautreaux*, 09-1758 (La.App. 1 Cir. 6/11/10), 39 So.3d 806, *writ denied*, 10-1957 (La. 11/5/10), 50 So.3d 806.

## CONCLUSION

For the foregoing reasons, the judgment dated August 26, 2013, is reversed and this case is remanded to the trial court for further proceedings after proper notice is given to all parties. All costs of this appeal are assessed against Orlando A. Mendoza.

**REVERSED AND REMANDED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.